UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,          Crim. No. 03-CR-80758
                                          Civ. No. 08-CV-14474
vs.                                             Hon. Gerald E. Rosen

GREGORY JOHNSON,

          Defendant.
_____/

## ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on December 21, 2012.

        PRESENT:   Honorable Gerald E. Rosen
                               United States District Chief Judge

This case is presently before the Court on Defendant Gregory Johnson's Fed. R. Civ. P. 59(e) Motion to Alter or Amend Judgment. In this Motion, Defendant argues that the Court "overlooked crucial facts and law" in rendering its decision on August 17, 2012 Order denying Defendant Fed. R. Civ. P. 60(b) motion to reverse the Court's Opinion and Order of October 8, 2009 denying his Motion under 28 U.S.C. § 2255 on the basis of mistake or legal error.

Although captioned as addressing motions "to Alter or Amend Judgment," Fed. R. Civ. P. 59(e) may be used as a vehicle for seeking reconsideration of any prior ruling of the court. Generally, there are three situations which justify reconsideration under Rule

1

59(e): (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, like motions for reconsideration or rehearing brought pursuant to Eastern District of Michigan Local Rule 7.1, motions under Fed. R. Civ. P. 59(e) "are not intended as a vehicle to relitigate previously considered issues; should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence; and are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Kenneth Henes Special Projects Procurement v. Continental Biomass Industries, Inc.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995); *United States v. Limited, Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998) (*citing Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994), *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa.1992)).

In the instant motion, Defendant Johnson first argues that the Court erroneously construed his motion as being brought pursuant to Fed. R. Civ. P. 60(b)(1), and argues the Court should have construed it as being brought pursuant to Rule 60(b)(4) and/or (5), or Rule 60(d)(3). Defendant never referenced Rule 60(d) in his motion for relief from

judgment, nor did he reference any of the sub-parts of Rule 60(b). However, as the Court explained in its August 17, 2012 Order, because Plaintiff's motion was based upon an alleged mistake or legal error, he only could bring the motion pursuant to subsection (1) of Rule 60(b), which lists "mistake" as one of its grounds.

Plaintiff's claim that a "fraud" was committed on the Court by the Government -- thereby making Rule 60(b)(3) or Rule 60(d) available as a basis for his motion -- is without factual support. No "fraud upon the Court" was committed.

Plaintiff argued in his Rule 60 motion -- and argues again here in his Motion to Alter or Amend Judgment -- that the Government committed a fraud upon the Court by offering that the victim banks were FDIC-insured by offering certified copies of their FDIC certificates and the testimony of officers from the Ann Arbor and Monroe branches of the TCF Bank and National City Banks which Defendant Johnson was accused, and ultimately convicted, of robbing. These bank officers testified that the banks were insured by the FDIC at the time of the robbery. Johnson contends that a "fraud" was committed on the Court by the Government's use of this evidence because he claims that only the FDIC officials who signed the FDIC certificates could testify that the banks were FDIC-insured. However, the Sixth Circuit has repeatedly held that testimony by an officer of a branch of a member bank that the bank was insured by the FDIC at the time of trial, coupled with an FDIC certificate of insurance that pre-dated the robbery, is sufficient to prove a bank's insured status at the time of the robbery. *See e.g., United States v. Rowan*, 518 F.2d 685, 693 (6th Cir. 1975); *United States v. Pacheo*, 466 Fed.

3

App'x 517, 524 (6th Cir. 2012).

To the extent that Defendant relies on the Supreme Court's ruling in *Bullcoming v. New Mexico*,___ U.S. ___, 131 S.Ct. 2705, 180 L.Ed. 2d 610 (2011),[1] to show that he is entitled to relief because of an intervening change in the law, that case is inapplicable here because the Supreme Court has not made *Bullcoming* retroactive to cases on collateral review. *See Gilchrist v. United States,* ___ F. Supp. 2d ___, 2012 WL 4520469 at *11 (D. Md., Sept. 27, 2012); *Leyja v. Oklahoma*, ___F. Supp. 2d___, 2012 WL 4754943 at *2 (W.D. Okla., Sept. 12, 2012); *Talamantes v. Allison*, 2012 WL 3206052 at *5 n.6 (C.D. Cal., May 24, 2012); *United States v. De La Cruz*, ___F. Supp. 2d ___, 2012 WL 769761 at *9 n.6 (D. Mass., Feb. 21, 2012); *McMonagle v. Meyer*, ___F. Supp. 2d___,2012 WL 273165 at *5 (E.D. Cal., Jan. 30, 2012).

---

[1] The defendant in *Bullcoming* was convicted in New Mexico state court on charges of driving while intoxicated. The principal evidence against Bullcoming was a forensic laboratory report certifying that his blood-alcohol concentration was well-above the threshold for aggravated DWI. Bullcoming's blood sample had been tested at the New Mexico Department of Health, Scientific Laboratory Division ("SLD"), by a forensic analyst named Caylor, who completed, signed, and certified the report. However, the prosecution neither called Caylor to testify nor asserted that he was unavailable. In lieu of Caylor, the State called another analyst, Razatos, to validate the report. Razatos was familiar with the testing device used to analyze Bullcoming's blood and with the laboratory's testing procedures, but he had neither participated in nor observed the test on Bullcoming's blood sample. Bullcoming's counsel objected, asserting that introduction of Caylor's report without his testimony would violate the Confrontation Clause. The Supreme Court agreed. The Court determined that the SLD report was an "affirmation made for the purpose of establishing or proving some fact" in a criminal proceeding, and, therefore, was "testimonial." Because it was testimonial, the Court concluded that it could not be introduced against the accused at trial unless the witness who made the statement is unavailable and the accused had a prior opportunity to confront that witness.

Based upon the foregoing, the Court finds that Defendant Johnson is not entitled to Rule 59(e) relief. Therefore,

IT IS HEREBY ORDERED that Defendant's Motion to Alter or Amend Judgment **[Dkt. # 212]** is DENIED.

s/Gerald E. Rosen  
Chief Judge, United States District Court

Dated: December 21, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 21, 2012, by electronic and/or ordinary mail.

s/Julie Owens  
Case Manager