UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY JOHNSON,

      Petitioner,      Crim. No. 03-CR-80758-1
vs.                Civ. No. 08-CV-14474-DT
                 Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

      Respondent.
_____/

OPINION AND ORDER DENYING PETITIONER'S
MOTION FOR A CERTIFICATE OF APPEALABILITY

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on May 28, 2013

PRESENT: Honorable Gerald E. Rosen
Chief Judge, United States District Court

I. INTRODUCTION

This matter is presently before the Court on Petitioner Gregory Johnson's Motion for a Certificate of Appealablity. This motion is the most recent of a series of motions filed by Johnson in an attempt to resuscitate an appeal of this Court's denial of his § 2255 Motion to Vacate his sentence which the Sixth Circuit Court of Appeals dismissed nearly three years ago as untimely filed.

II. FACTUAL AND PROCEDURAL BACKGROUND

Gregory Johnson was charged in a five-count Third Superseding Indictment with two counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and three counts of witness tampering, in violation of 18 U.S.C. § 1512(b)(1) and (i). The bank robbery charges stemmed

1

from two bank robberies, one which occurred on June 13, 2003 in Monroe, Michigan, and the second one on July 16, 2003 in Ann Arbor, Michigan. Johnson masterminded the two robberies and executed them along with four co-defendants, William Askew, Christine Mayhue, Leon Walters and Phillip Calloway. The witness tampering charges stem from Johnson's attempts in January, June and October 2004, to persuade co-defendant William Askew who was cooperating with the Government to withhold testimony at trial.

After a six-day jury trial held February 22 through March 2, 2005 during which co-defendants Askew, Mayhue and Calloway and various eyewitnesses to the bank robberies all testified, Johnson was convicted on all five counts. He was subsequently sentenced to 240 months' imprisonment on the bank robbery charges and a consecutive 22-month term of imprisonment on the witness tampering charges.

Johnson appealed his conviction to the Sixth Circuit Court of Appeals. The appellate court affirmed Johnson's conviction on July 2, 2007. Johnson subsequently filed a petition for a writ of *certiorari* with the United States Supreme Court. That petition was denied on November 5, 2007.

On October 20, 2008, Johnson filed a Motion to Vacate, Set Aside, or Correct Judgment, in which he raised ineffective assistance of trial counsel as grounds for vacating his conviction and sentence. Specifically, Johnson claimed that his attorney's representation was ineffective in his opening statement and "weak" cross-examinations of the cooperating witnesses, his alleged inadequate assessment of potential jurors, and his failure to recognize the Government's alleged improper antics when exercising peremptory challenges of potential jurors. He also alleged that the attorney failed to secure a defense witness to provide testimony that Johnson was in

California at the time of the robberies. Additionally, according to Johnson, the stolen bank proceeds were not really F.D.I.C. insured, but his attorney failed to address that jurisdictional issue.[1]

The Court rejected all of these "ineffective assistance of counsel" arguments. With respect to Johnson's attorney's allegedly "weak" opening statement and cross-examination of witnesses, the Court noted that Johnson failed to articulate how more preparation or stronger cross-examinations would have affected the outcome of the trial, and pointed out that "[d]ecisions about whether to engage in cross-examination, and if so to what extent and in what manner, are strategic in nature and generally will not support an ineffective assistance claim." *Dunham v. Travis*, 313 F.3d 724, 732 (2d Cir .2002) (inner quotation omitted). *See also United States v. Steele*, 727 F.2d 580, 591 (6th Cir.1984) (holding that cross-examination falls "within the area of trial tactics and strategy that should not be subjected to second guessing and hindsight" by the court); *Davie v. Mitchell*, 291 F. Supp. 2d 573, 604 (N.D. Ohio 2003) (holding same).

With respect to Johnson's claims of his attorney's inadequate assessment of potential jurors and alleged failure to recognize the Government's allegedly improper antics when exercising peremptory challenges of potential jurors, the Court noted that Johnson failed to explain how the juror assessments were inadequate or how the peremptory challenges were improper. As for the attorney's alleged failure to secure a defense witness to provide testimony

---

[1] Johnson also raised issues pertaining the length of his sentence, but, inasmuch as Johnson did not challenge the constitutionality of his sentence on appeal, and failed to make any "cause and prejudice" or actual innocence showing, the Court determined that Johnson could not raise these claims in his § 2255 motion. *See United States v. Addonizio*, 442 U.S. 178, 184 (1979).

3

that Johnson was in California at the time of the robberies, the Court noted that Johnson failed to set forth any evidence to support this new alibi.

As for Johnson's claim that his attorney should have made a jurisdictional challenge to the charges against him based on his claim that the stolen bank proceeds were not really F.D.I.C. insured, as the Court pointed out, during trial, certified copies of F.D.I.C. certificates were admitted into evidence, proving that the proceeds from the banks at issue were, in fact, F.D.I.C. insured. And, although Johnson claimed that his attorney should have objected to the admission of those certificates, such certified copies of public records were self-authenticating. *See* Fed. R. Evid. 902(4). Therefore, it would have been frivolous for defense counsel to object to their admission.

Accordingly, on October 8, 2009, the Court denied Johnson's § 2255 motion in its entirety.

Johnson did not appeal the denial of his § 2255 motion until March 22, 2010. Finding that compliance with the time limits for filing a notice of appeal set forth in Fed. R. App. P. 4(a) is a mandatory prerequisite that could not be waived or extended, on September 23, 2010, the Court of Appeals dismissed Johnson's appeal as untimely filed.

Sixteen months after the appellate court's dismissal of his appeal, on January 9, 2012, Johnson filed a Rule 60(b) motion seeking reversal of the Court's Opinion and Order of October 8, 2009 denying his Motion under 28 U.S.C. § 2255, on the basis of mistake or legal error. After considering motions for leave to amend this motion filed by Johnson in early August 2012, on August 17, 2012, the Court denied the Rule 60(b) motion.

In its August 17, 2012 Opinion and Order, the Court noted that a Rule 60(b) motion

4

cannot be used as a substitute for an appeal, but nonetheless determined that inasmuch as Johnson asserted "mistake or legal error" as the basis for Rule 60(b) relief, his motion was subject to the one-year time limit set forth in Rule 60(b)(1) and, as such, was time-barred.

On September 19, 2012, Johnson filed a Rule 59(e) Motion to Alter or Amend Judgment. In this motion, Defendant argues that the Court "overlooked crucial facts and law" in rendering its August 17 decision denying his Fed. R. Civ. P. 60(b) motion. Specifically, Johnson argued that a "fraud" had been committed on the Court by the Government --thereby making Rule 60(b)(3) or Rule 60(d) available as a basis for his motion.

The alleged "fraud" upon Johnson predicated this claim was the Government's offering as evidence that the victim banks were FDIC-insured certified copies of the banks' FDIC certificates and the testimony of officers from the Ann Arbor and Monroe branches of the TCF Bank and National City Banks which Defendant Johnson was accused, and ultimately convicted, of robbing. These bank officers testified that the banks were insured by the FDIC at the time of the robbery. Johnson contends that a "fraud" was committed on the Court by the Government's use of this evidence because he claims that only the FDIC officials who signed the FDIC certificates could testify that the banks were FDIC-insured. However, as the Court explained, the Sixth Circuit has repeatedly held that testimony by an officer of a branch of a member bank that the bank was insured by the FDIC at the time of trial, coupled with an FDIC certificate of insurance that pre-dated the robbery, is sufficient to prove a bank's insured status at the time of the robbery. *See e.g., United States v. Rowan*, 518 F.2d 685, 693 (6th Cir. 1975); *United States v. Pacheo*, 466 Fed. App'x 517, 524 (6th Cir. 2012). Therefore, on December 21, 2012, the Court denied Johnson's Rule 59(e) motion.

5

On January 22, 2013, Johnson returned to Court with a Motion for a Certificate of Appealability. Presumably, Johnson seeks to appeal the denial of his Rule 60(b) and Rule 59(e) motions.

III. DISCUSSION

A prisoner seeking post-conviction relief under § 2255 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, the petitioner must first seek and obtain a certificate of appealability. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This certificate of appealability requirement extends to habeas petitioners appealing the denial of a Rule 60(b) motion. *See United States v. Hardin*, 484 F.3d 924 (6th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

In applying the standard, a district court may not conduct a full merit review, but must

6

limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Miller-El*, 537 U.S. at 336-37. When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. at 484.

In his Motion for a Certificate of Appealability, Johnson argues that the Court erred in determining that the Government sufficiently established the insured status of TCF Bank and National City Bank. He claims that the testimony of the bank security officers who testified at trial as to the FDIC insured status of the banks was insufficient to establish that the banks were insured. He also claims that the copies of certificates of insurance for each bank provided only circumstantial evidence and as such, were inadequate to establish that the banks were insured on the date of the alleged offenses.

As legal support, Johnson relies upon *United States v. Ali*, 266 F.3d 1242 (9th Cir. 2001). In *Ali*, the Ninth Circuit held that the evidence presented at trial in that bank fraud case was insufficient to establish that a bank was FDIC insured on the date of the offense in question, where the FDIC certificate antedated the date of the offense and the bank officer testified only in the present tense as to the bank's insured status.

Ninth Circuit, law, of course, is not controlling on this Court. As indicated in its Opinion and Order denying Johnson's motion to amend or alter Judgment, the Sixth Circuit has repeatedly held that testimony by an officer of a branch of a member bank that the bank was insured by the FDIC, coupled with an FDIC certificate of insurance that pre-dated the robbery, is sufficient evidence from which the jury could infer that bank was FDIC insured at the time of the

robbery. *See e.g., United States v. Rowan*, 518 F.2d 685, 693 (6th Cir. 1975); *United States v. Pacheo*, 466 Fed. App'x 517, 524 (6th Cir. 2012).

Notably, in *Rowan*, the bank officer's testimony was in the present tense: "The branch manager of the robbed Bank was asked, "***Is*** your branch insured by the Federal Deposit Insurance Corporation," to which he replied, "Yes, it ***is***." *Rowan*, 518 F.2d at 692 (emphasis added). There is, thus, no requirement in the Sixth Circuit that the bank officer specifically testify that the bank was insured on the specific date of the crime.

Furthermore, in this case, as Johnson himself admits, the National City Bank officer who testified at trial responded affirmatively when asked whether the bank was insured *at the time of the robbery*:

> Q: At the time, were deposits of the National City Bank insured by the Federal Deposit Insurance Corporation?
>
> A: Yes.

Therefore, this case would pass muster even under the Ninth Circuit's ruling in *Ali*. As the court in *Ali* made clear, "[a] bank employee's uncontradicted testimony of a bank's insured status can sufficiently support the jury's conclusion that this element was proven beyond a reasonable doubt. [Citations and internal punctuation omitted.] Testimony is insufficient, however, *when stated only in the present tense* at trial, years after the relevant time period. . . ." *Ali*, 266 F.3d at 1244 (citation omitted; emphasis added).[2]

---

[2] In fact, since deciding *Ali*, the Ninth Circuit has since construed the holding in that case (and the holding in the earlier case of *United States v. Allen*, 88 F.3d 765, 769 (9th Cir. 1996), upon which the *Ali* court based its ruling), as standing only for the proposition that "the passage of a *substantial* period of time may prohibit the trier of fact from inferring the existence of past insurance coverage from testimony of present insurance coverage." *United States v, Ware*, 416 F.3d 1118, 1121-22 (9th Cir. 2005)

8

Based upon the foregoing, the Court concludes that reasonable jurists would agree that the Court's assessment of Petitioner Johnson's Rule 60(b)/Rule 59(e) claims was not incorrect or debatable. Therefore, granting a certificate of appealability would be improper.

IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that a certificate of appealability is **DENIED**. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal because such an appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: May 28, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 28, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135

---

(emphasis added). In *Ali*, the trial at which the present tense testimony was given took place more than two years after the date of the bank fraud; in *Allen*, trial took place more than four years after the crime. In *Ware*, the testimony -- given in the present tense -- six months after the crime was deemed sufficient. Here, Johnson's trial took place only a year and a half after the robbery. Under these circumstances, the Court believes that even the Ninth Circuit would have found present tense testimony sufficient.